**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFF PLANEY, individually and on behalf of other similarly situated members of the Chicago Police Department, | ) | |
| Plaintiff, | ) | No. 25-cv-10406 |
| vs. | ) | Jury Demand |
| CITY OF CHICAGO, an Illinois Municipal Corporation, | ) | |
| Defendant. | ) | |

**<u>COMPLAINT</u>**

1. This is an individual, collective, and class action brought by Jeff Planey, a Chicago Police Sergeant, on behalf of himself and other similarly situated CPD supervisors holding the rank of sergeant, lieutenant, and captain ("Supervisors") in the Chicago Police Department, for purposes of obtaining relief under the federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201, *et. seq.* (hereinafter "FLSA"), the Illinois Wage Payment Collection Act as amended, § 820 ILCS 115/1, *et. seq*. (hereinafter "IWPCA"), and the Illinois Minimum Wage Law, § 820 ILCS 105/1 *et. seq.* (hereinafter "IMWL"), for declaratory relief, unpaid compensation, unpaid overtime compensation, liquidated damages, treble damages, penalty interest, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

2. Defendant has intentionally violated the IWPCA by failing and refusing to pay Named Plaintiff Jeff Planey ("Named Plaintiff") and all other similarly-situated employees (the "putative class" compensation, including retroactive raises affecting their hourly rate of pay and

overtime rates, in the amounts called for by the wage agreements covering putative class members.

3. Defendant has willfully violated the FLSA and IMWL by intentionally failing and refusing to pay Named Plaintiff and members of the putative class compensation due them under the FLSA and IMWL.

4. Defendant has willfully violated the FLSA and IMWL by intentionally failing and refusing to pay Named Plaintiff and the putative class overtime compensation at the rate of one and one-half times the "regular rate" for the hours worked in excess of the hours provided for in the FLSA, IMWL, and IWPCA.

## JURISDICTION

5. Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1337, and 1367(a).

6. Declaratory relief is authorized under 28 U.S.C. §§2201-2202, and 29 U.S.C. §216(b).

7. This court is the proper venue pursuant to 28 U.S.C. §1391(b).

## PARTIES

8. The Named Plaintiff and the putative class are employees of Defendant's Police Department. Defendant is an employer within the meaning of FLSA, 29 U.S.C. §203(e), IWPCA, § 820 ILCS 115/2, and IMWL, § 820 ILCS 105/3. As shown by the written consent of Named Plaintiff attached to this complaint, Named Plaintiff has consented to become a member of this collective action pursuant to 29 U.S.C. §216(b). (See attached Exhibit 1). Named Plaintiff is an adult resident citizens of the Northern District of Illinois employed by the Chicago Police Department. Additionally, Named Plaintiff alleges class action IMWL claims on behalf of

himself and employees similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Named Plaintiff also alleges a class action IWPCA claim on behalf of himself and similarly situated employees.

9. The Defendant, City of Chicago, is a municipal corporation organized and existing under the laws of the State of Illinois. The Defendant is, and at all relevant times, has been, the employer of the Named Plaintiff and the putative class within the meaning of the FLSA § 29 U.S.C. 203(d), IWPCA, § 820 ILCS 115/2, and IMWL, § 820 ILCS 105/3. The Chicago Police Department is a public agency of the City of Chicago engaged in law enforcement activities.

**BACKGROUND**

10. On February 19, 1985, the Supreme Court held in *Garcia v. San Antonio Metropolitan Transit Authority*, 105 S. Ct. 1005 (1985) that the FLSA applies to state and local employees. On November 13, 1985, the FLSA Amendments of 1985, (Public Law 99-150) was enacted. The FLSA Amendments of 1985 adjusted the provisions of the Act specifically to the concerns of public employees. Under the 1985 Amendments, liability for compliance with the FLSA became applicable to the Chicago Police Department on April 15, 1986.

11. In accordance with 29 U.S.C. §§ 207(a) and (k) and 29 C.F.R. § 230(b), the Named Plaintiff and the putative class are required to be paid overtime compensation at the rate of one and one-half times the regular rate ("FLSA OT Rate") for hours worked in excess of one hundred and seventy-one (171) hours in a twenty-eight (28) day work period.

12. Named Plaintiff and the putative class are and were compensated on an hourly basis.

13. Defendant knew that Named Plaintiff and the putative class performed work that required payment of wages and overtime compensation. Defendant has operated under a scheme to deprive these employees of the requisite compensation by failing to properly compensate Named Plaintiff and the putative class for hours worked in excess of one-hundred and seventy-one (171) in a given twenty-eight (28) day work period at the correct FLSA OT rate in accordance with the FLSA and IMWL.

14. In addition to underpaying FLSA overtime hours, Defendant has violated the wage agreements between itself and the Police Benevolent & Protective Association (the "Union" or "PBPA") and its three collective bargaining units whose members make up the putative class. Those units are the Chicago Police Sergeants Unit 156A, the Lieutenants Unit 156B, and the Captains Unit 156C. Excerpts of the collective bargaining agreements containing the wage agreements are attached hereto and incorporated hereby as Exhibits 2-4.

15. In September 2019, the City and the PBPA reached an agreement with effective dates of July 1, 2016, through June 30, 2022. The agreement provided retroactive base salary increases as follows:

| Effective Date | Percentage Increase |
|---|---|
| July 1, 2016 | 2.00% (Sergeants and Captains) |
| January 1, 2017 | 1.00% (All Units) |
| January 1, 2018 | 2.25% (All Units) |
| January 1, 2019 | 2.25% (All Units) |
| January 1, 2020 | 2.00% (All Units) |

16. This agreement also included a "favored nations" or "Me Too" provision, which states in pertinent part: "If FOP or Local 2 negotiate larger percentage base salary increases for the period July 1, 2017 through June 30, 2022, PBPA to receive same increase."

17. The 2016-2022 PBPA wage agreements were ratified in July 2020.

18. At the time of the PBPA ratification, successor negotiations had commenced between the City of Chicago and FOP Lodge No. 7, representing CPD officers below the rank of sergeant, and between the City and Local 2, representing Chicago firefighters.

19. At those successor negotiations, the City of Chicago and Local 2 negotiated a 2.50% increase, effective January 1, 2021. Based on that agreement, the City and the PBPA executed a Memorandum of Understanding on September 18, 2020, modifying the existing wage increase, effective January 1, 2021, from 2.00% to 2.50% in accordance with the "Me Too" provision.

20. On December 13, 2023, the City adopted a wage agreement with FOP Lodge No. 7 that amended and increased the annual wage increases for 2024 and 2025. The FOP negotiated for 5% pay increases effective January 1, 2024 and 2025.

21. On December 13, 2023, the City notified the PBPA that the base salary for each of the three units represented by PBPA would only increase by 2.50%, effective January 1, 2024.

22. In response, the PBPA demanded the same 5.00% increase bargained with Lodge No. 7. When the City refused to provide the 5% increase, the PBPA filed grievances through its collective bargaining agreements challenging the refusal to provide the 5.00% increase. When the City denied the grievances, the PBPA referred the grievances to binding arbitration under the grievance procedures.

23. On January 10, 2025, Arbitrator Steven M. Bierig sustained all three grievances, ordering as relief that: "The PBPA shall receive a 5.00% wage increase beginning on January 1, 2024." (award attached as Exhibit 5, See p. 2).

24. The arbitration award also specifies that, "The PBPA Bargaining Units shall receive the 5.00% wage increase as of January 1, 2024, retroactively." *Id.,* p. 24.

25. Although it did not contest the arbitration award, the City of Chicago did not implement the correct annual raise until some later date.

26. As of the filing of this Complaint, nearly eight months have elapsed since the arbitration award, and the City has failed to make any payment of the retroactive straight-time and overtime wages that are now long overdue to the Named Plaintiff and the putative class.

**COUNT I:**
**<u>VIOLATION OF THE FLSA</u>**
**(Collective Action for Declaratory Relief and Monetary Damages)**

27. Named Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).

28. Named Plaintiff and the putative class have worked in excess of one-hundred and seventy-one (171) hours in at least one twenty-eight (28) day work period and were not paid their full overtime compensation by the Defendant.

29. Defendant violated FLSA overtime requirements by failing to provide full overtime compensation to Named Plaintiff and the putative class for hours worked in excess of one hundred and seventy-one (171) at a rate not less than one and one-half (1½) times the regular rate at which they are employed.

30. This claim for declaratory relief, monetary damages, liquidated damages, attorney's fees, and costs is properly brought under and maintained as an opt-in Collective

Action pursuant to the FLSA, 29 U.S.C. § 216(b), by the Named Plaintiff on behalf of the putative class.

31. Named Plaintiff and the putative class are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been, subject to the Chicago Police Department's decisions, plans, and common policies, programs, practices, procedures, protocols, routines, and rules. The claims of the Named Plaintiff stated herein are the same as those of the putative class.

32. Named Plaintiff, individually and on behalf of the putative class, seeks relief on a collective basis challenging the City of Chicago's failure to pay employees at their regular rate for hours worked including overtime compensation.

33. Named Plaintiff's experience is typical of the experiences of the putative class.

34. A Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, email addresses, phone numbers, and home addresses are readily available from the Chicago Police Department. Notice can be provided to the putative class via first class mail to the last address known to the Chicago Police Department and/or through electronic mail using the Chicago Police Department's electronic mail system and intranet capabilities.

35. In addition to violating the FLSA by failing and refusing to pay overtime at the rate of one and one-half times the FLSA regular rate, the Defendant violated 29 CFR §778.106, which provides: ". . . When the correct amount of overtime compensation cannot be determined until some time after the regular pay period, however, the requirements of the Act will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable. Payment may not be delayed for a period longer than is reasonably

necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made."

36. The Defendant's failure and refusal to pay the overtime compensation owed to Named Plaintiff and the putative class has been ongoing since January 10, 2025, far longer than the allowed by 29 CFR §778.106.

37. Defendant has also violated 29 CFR § 778.303, which provides "*Retroactive pay increases* - Where a retroactive pay increase is awarded to employees as a result of collective bargaining or otherwise, it operates to increase the regular rate of pay of the employees for the period of its retroactivity. Thus, if an employee is awarded a retroactive increase of 10 cents per hour, he is owed, under the Act, a retroactive increase of 15 cents for each overtime hour he has worked during the period, no matter what the agreement of the parties may be."

38. The foregoing conduct of Defendant willfully violated the FLSA.

**RELIEF**

WHEREFORE, Named Plaintiff respectfully requests that this Court:

A. At the earliest possible time, issue an Order allowing Notice or issue such Court-supervised Notice to all similarly situated current and former Chicago Police Department employees of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing said employees that it is illegal for the Chicago Police Department to take any actions in retaliation of their consent to join this action;

B. Enter a declaratory judgment declaring that the Defendant has willfully, intentionally and wrongfully violated its statutory obligations and deprived the Plaintiff, and all others similarly situated, of their entitlement under the FLSA, by:

   i. Failing to pay them for hours worked in excess of one hundred and seventy-one (171) at a rate not less than one and one-half (1½) times the regular rate at which they are employed; and

ii. Failing to make retroactive payment of wages and overtime compensation in a lawful and timely manner,

iii. Violating any other statutory obligations to which Named Plaintiff and the putative class are entitled to under the FLSA.

C. Award each class member monetary damages in the form of hourly compensation, overtime compensation and liquidated damages equal to his or her unpaid compensation and overtime compensation;

D. Award reasonable attorney's fees, costs and expenses, to be paid by Defendant; and

E. Grant such other relief as may be just and proper.

**COUNT II:**
**VIOLATION OF STATE LAW IWPCA**
**(Class Action Pursuant to Fed. R. Civ. P. 23)**

39. Count II fully incorporates all facts in paragraphs 1-38 as if fully stated herein.

40. The matters set forth in this Count arise from Defendant's violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*.

41. Defendant has violated the IWPCA by failing to pay Named Plaintiff and members of the putative class all retroactive compensation and wages due to them in accordance with 820 ILCS §§ 115/2-4.

42. Defendant has administered an unlawful compensation system that failed to provide correct compensation to Named Plaintiff and the putative class in accordance with the wage agreements between Supervisors and Defendant and the uncontested, undisturbed interpretation of those three agreements by a neutral arbitrator.

43. Pursuant to 820 ILCS 115/14(a), Named Plaintiff and the putative class of Supervisors are entitled to recover their unpaid compensation and wages for ten years prior to the

filing of this suit, plus penalty interest in the amount of five percent (5%) per month of the amount of underpayments.

44. The foregoing conduct of Defendant is in violation of the rights of Named Plaintiff and the putative class of Supervisors under IWPCA §§ 820 ILCS 115/2-4 and 14.

45. Defendant's conduct further violates the IWPCA at 820 ILCS 115/8, *Contributions to employee benefit, trust or fund,* provides: "Where an employer is legally committed through a collective bargaining agreement, or otherwise to make contributions to an employee benefit, trust or fund on the basis of a certain amount per hour, day, week or other period of time, the amount due from the employer to such employee benefit, trust or fund shall be treated as wages, subject to the wage payment provisions of this Act."

46. Defendant City of Chicago is obligated pursuant to 40 ILCS 5/5-169 to make pension contributions to the Policemen's Annuity and Benefit Fund.

47. The accumulated contributions shall be used to provide age and service annuity for the employee upon retirement or disability.

48. By failing and refusing to pay the retroactive wage increase back to January 1, 2024, the City of Chicago has not only failed to properly compensate Named Plaintiff and the putative class, it has also underpaid its required pension contributions. The underpayment of those wages to the Pension Fund will result in underpayment of monthly pension benefits to Named Plaintiff and the putative class.

49. This action is brought as a class action pursuant to Fed. R. Civ. P. 23(a) and (b) because the putative class numbers more than 1,500 individuals and, as such, is so numerous that joinder of all class members is impracticable.

50. Named Plaintiff and the putative class have all been affected by Defendant's unlawful non-payment of compensation and wages.

51. Plaintiff's experience is typical of the experiences of the putative class employed by Defendant.

52. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact.

53. Named Plaintiff and the putative class have a commonality of interest in the subject matter and the remedy sought.

54. Plaintiff is able to fairly and adequately represent and protect the interests of the putative class.

55. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

56. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to Named Plaintiff and the putative class, to the Court and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

## **RELIEF**

WHEREFORE, Named Plaintiff and the putative class respectfully request that this Court:

A. Enter a declaratory judgment declaring that the Defendant has wrongfully violated its statutory obligations and deprived Named Plaintiff and the putative class of their entitlements under the IWPCA;

B. Enter injunctive relief enjoining Defendant from violating the IWPCA;

C. Determine that this action may be maintained as a class action, pursuant to Fed. R. Civ. P. 23;

D. Appoint Named Plaintiff as Class representative;

E. Appoint Plaintiff's Counsel as Counsel for the Class;

F. Award Named Plaintiff and the putative class monetary damages in the form of all unpaid wages and overtime due and owing to the class for each hour the class worked from January 1, 2024, forward where the Defendant failed to pay the class at the correct contractual rate;

G. Order the Defendant to correct and pay the appropriate contributions that should have been paid to the Chicago Policemen's Annuity and Benefit Fund.

H. Award Named Plaintiff and the putative class reasonable attorneys' fees, costs, and expenses, to be paid by Defendant;

I. Award Named Plaintiff and the putative class statutory, penalty interest, and all available damages pursuant to the IWPCA;

J. Award Named Plaintiff and the putative class pre-judgment interest pursuant to 815 ILCS 205/2; and

K. Grant such other relief as may be just and proper.

**COUNT III:**
**VIOLATION OF STATE LAW IMWL**
**(Class Action Pursuant to Fed. R. Civ. P. 23)**

57. Count III fully incorporates all facts in paragraphs 1-56 as if fully stated herein.

58. The matters set forth in this Count arise from Defendant's violations of the minimum wage, 820 ILCS 105/4, and overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4(a).

59. Defendant violated the IMWL, 820 ILCS 105/4(a), by failing and refusing to compensate Named Plaintiff and the putative class for overtime for all hours worked in excess of their regularly worked hours in a given work period at a rate not less than one and one-half times the regular rate at which they were employed.

60. Pursuant to 820 ILCS 105/12(a), Named Plaintiff and the putative class are entitled to recover treble the amount of unpaid wages for three years prior to the filing of this suit, plus interest in the amount of five percent (5%) per month on the amount of underpayments.

61. The Defendant's violation of the IMWL was willful.

## RELIEF

WHEREFORE, Named Plaintiff and the putative class respectfully request that this Court:

A. Enter a declaratory judgment declaring that the Defendant has willfully, intentionally, and wrongfully violated its statutory obligations and deprived Named Plaintiff and the putative class of their entitlements under the IMWL;

B. Enter injunctive relief enjoining Defendant from violating the IMWL;

C. Determine that this action may be maintained as a class action, pursuant to Fed. R. Civ. P. 23;

D. Appoint Named Plaintiff as Class representative;

E. Appoint Plaintiff's Counsel as Counsel for the Class;

F. Award Named Plaintiff and the putative class monetary damages in the form of unpaid overtime wages due and owing to the class for each hour the class worked but for which the Defendant failed to pay them at a rate equal to one and one-half times regular rate at which the class was employed;

G. Award Named Plaintiff and the putative class reasonable attorney's fees, costs, and expenses, to be paid by Defendant;

H. Award Named Plaintiff and the putative class pre-judgment interest pursuant to 815 ILCS 205/2; and

I. Grant such other relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully Submitted,

s/**Paul D Geiger**
PAUL D. GEIGER

Law Offices of Paul D. Geiger
540 W. Frontage Road
Suite 3020
Northfield, Illinois 60093
(312) 609-0060
ARDC# 6210743

Donna Dowd
1616 West Pershing
Chicago, IL 60609
(773) 383-2437
ARDC# 6307761

Jason W. Lee
1616 West Pershing
Chicago, IL 60609
(773) 960-4881
ARDC# 6309528